IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | JURY TRIAL DEMAND |
| WAL-MART STORES, INC., | ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to William Clark ("Clark"), a qualified individual with a disability, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission"), alleges that Defendant, Wal-Mart, Stores, Inc. ("Defendant" or "Wal-Mart"), violated the ADA by removing an existing reasonable accommodation that allowed Mr. Clark to perform his job duties and then terminating him because of his disability.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices hereafter alleged to be unlawful were committed

within the jurisdiction of the Northern District of Illinois.

## PARTIES AND OTHER PERSONS

3.     Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Wal-Mart has continuously been and is now a corporation doing business in the Northern District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

5.     At all relevant times, Wal-Mart has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Wal-Mart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7.     At all relevant times, Clark was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## STATEMENT OF CLAIMS

8.     More than thirty (30) days prior to the institution of this lawsuit, Mr. Clark filed a charge of discrimination with the Commission alleging a violation of Title I of the ADA by Wal-Mart.

9.     On September 27, 2013, EEOC found reasonable cause to determine that Wal-

Mart violated the ADA by denying Mr. Clark a reasonable accommodation and by terminating him.

10.     On September 27, 2013, EEOC invited Wal-Mart to engage in informal conciliation efforts to eliminate the practices found unlawful.

11.     By letter dated February 18, 2014, EEOC informed Wal-Mart that it was unable to secure a conciliation agreement acceptable to the Commission.  All conditions precedent to the institution of this lawsuit have been fulfilled.

12.     Mr. Clark suffers from a mental/intellectual impairment that substantially limits him in major life activities, including but not limited to, learning, concentrating, thinking and communicating, which constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

13.     At all relevant times, Mr. Clark could perform the essential functions of a Dairy/Frozen Sales Associate with or without a reasonable accommodation, thus rendering him a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

14.     Mr. Clark has been able to overcome his disability and maintain gainful employment for most of his adult life.  Mr. Clark started working for Wal-Mart in 1994.  Mr. Clark worked for Wal-Mart for approximately eighteen (18) years, over which time he received multiple pay raises and satisfactory performance reviews.

15.     From 2007 to 2012, Mr. Clark worked as a Dairy/Frozen Sales Associate at a Wal-Mart store located in Rockford, Illinois.  He was able to perform the essential functions of this job with the reasonable accommodation of having his daily job duties written or printed out for him.  This accommodation was provided to him by the store manager at the Rockford store.

With this accommodation, Mr. Clark performed this job to Wal-Mart's expectations.

16.     In or around 2011, Wal-Mart stopped providing Mr. Clark with this reasonable accommodation.

17.     After his reasonable accommodation was removed, Mr. Clark asked the store manager, the assistant store manager, and his co-workers for help with his job.  Wal-Mart failed to discuss any accommodations with him.  Instead, he was required to return to his job without any accommodation.

18.     Once Wal-Mart removed this accommodation, it had an affirmative obligation to engage Mr. Clark in an interactive process to determine how he could continue to perform the essential functions of his job with or without a reasonable accommodation.  Wal-Mart did not engage in any such interactive process with Mr. Clark.

19.     Wal-Mart knew or should have known that Mr. Clark was disabled and that he was in need of a workplace accommodation.  Moreover, because Mr. Clark's disability is permanent, Wal-Mart knew or should have known that it had a continuing obligation to reasonably accommodate his disability.

20.     As evidenced by his long tenure at the company, had Wal-Mart continued to reasonably accommodate his disability, Mr. Clark would have continued to meet Wal-Mart's job performance expectations and he would not have been unlawfully terminated.

21.     Because of Wal-Mart's failure to provide Mr. Clark with a reasonable accommodation, he was unlawfully terminated for alleged work performance issues.

22.     As alleged in Paragraph Nos. 12-21, Wal-Mart failed to accommodate Mr. Clark and unlawfully terminated his employment in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b).

23.     The effect of the practices complained of above has been to deprive Mr. Clark of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

24.     The unlawful employment practices complained of above were intentional.

25.     The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Mr. Clark.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B.     Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make Mr. Clark whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.     Order Defendant to make Mr. Clark whole by providing compensation for past and future pecuniary losses;

E.     Order Defendant to make Mr. Clark whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation;

F.     Order Defendant to pay Mr. Clark punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

G.     Grant such further relief as the Court deems necessary and proper; and

H.     Grant the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.


Respectfully submitted,            P. DAVID LOPEZ
                                   General Counsel

                                   JAMES LEE
                                   Deputy General Counsel

                                   GWENDOLYN YOUNG REAMS
                                   Associate General Counsel

                                   U.S. EQUAL EMPLOYMENT OPPORTUNITY
                                   COMMISSION
                                   131 M ST. NE
                                   WASHINGTON, DC 20507

                                   /s/ John C. Hendrickson
                                   John C. Hendrickson
                                   Regional Attorney

                                   /s/ Diane I. Smason
                                   Diane I. Smason
                                   Supervisory Trial Attorney

                                   /s/ Bradley S. Fiorito
                                   Bradley S. Fiorito
                                   Trial Attorney

                                   /s/ Aaron R. DeCamp
                                   Aaron R. DeCamp
                                   Trial Attorney

                                   U.S. EQUAL EMPLOYMENT OPPORTUNITY
                                   COMMISSION
                                   CHICAGO DISTRICT OFFICE
                                   500 WEST MADISON STREET
                                   SUITE 2000
                                   CHICAGO, ILLINOIS 60661
                                   (312) 869-8106